(No. 38809.—

J. L. SIMMONS COMPANY, INC., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(FRANCIS LUSCH, Appellee.)

*Opinion filed January 21, 1965.—Rehearing denied March 17, 1965.*

JOHN J. YELVINGTON, of Mattoon, for appellant.

HANAGAN & DOUSMAN, of Mt. Vernon, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:
This is an appeal by the employer J. L. Simmons Company, Inc., from an order of the circuit court of Marion

County confirming an award of the Industrial Commission in favor of an injured employee, Francis Lusch.

The Industrial Commission granted an award of permanent partial disability compensation to the claimant pursuant to section 8(d) of the Workmen's Compensation Act, (Ill. Rev. Stat. 1963, chap. 48, par. 138.8(d), finding that the employee became partially incapacitated from pursuing his usual and customary line of employment as a hod carrier after sustaining injuries from an accident at work on April 27, 1962.

There is no dispute as to the facts. It was stipulated that the injury arose out of and in the course of employment, and that proper notice was given to the employer. The latter relies primarily on two grounds for reversal of the award: (1) that claimant failed to introduce competent evidence of objective symptoms to support his claim as required by paragraph 7 of section 8(b) of the Workmen's Compensation Act, (Ill. Rev. Stat. 1963, chap. 48, par. 138.8(b), and (2) that proof of claimant's average earnings before the accident and the average amount which he was able to earn after the accident was insufficient to enable the Commission to determine the amount of the award.

The claimant fell from a scaffold and suffered among other things, a back injury. Prior to this accident he enjoyed good health. There was competent testimony by treating physicians that claimant now has a lumbar lordosis and a limitation of range of movement of the lumbar vertebrae, indicating a chronic injury to the lower back, and that the accident precipitated a psychiatric condition in the form of extreme anxiety and fear of working on a scaffold. Much of the medical testimony was based on subjective symptoms which were within the physical or mental control of the claimant himself. However, the claim was also supported by some evidence of objective symptoms. Where an injury has a characteristic result, such result is an objective symp-

tom. (*Powers Storage Co.* v. *Industrial Com.* 340 Ill. 498.) In the *Powers Storage Co.* case the court held that evidence of paralysis, which was a characteristic result of a brain injury sustained in a fall, was a sufficient objective symptom to establish the fact of a brain injury. Here the result of the injury was some loss of freedom of movement of the back and the lower extremities, and fear and anxiety of working on a scaffold precipitated by the accidental fall.

There is evidence in the record of claimant's average earnings prior to the accident as well as evidence of his present earning capacity from which the Commission could reasonably determine a proper award. It is firmly settled that the province of determining the weight of testimony and of making findings of facts in compensation cases is conferred on the Industrial Commission, and this court will not disregard such findings unless they are against the manifest weight of the evidence. We are of the opinion that there was sufficient evidence to sustain the findings and award of the Commission.

The judgment of the circuit court of Marion County is affirmed.

*Judgment affirmed.*